**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN JAINLETT | : | |
| | : | |
| Appellant | : | No. 701 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 1, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002263-2022

BEFORE:   PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                **FILED JULY 30, 2026**

Kevin Jainlett appeals *nunc pro tunc* from his judgment of sentence entered in the Court of Common Pleas of Philadelphia County for his convictions of person not to possess a firearm (18 Pa.C.S.A. § 6105(a)(1)), two counts of aggravated assault (18 Pa.C.S.A. § 2702(a)(1)), and two counts of endangering the welfare of a child ("EWOC") (18 Pa.C.S.A. § 4304(a)(1)). Jainlett challenges the entry of his guilty plea, his trial counsel's effectiveness, and the discretionary aspects of his sentence. After careful review, we affirm.

Jainlett was charged with fourteen counts related to the shooting of his ex-wife's son in their residence. On November 14, 2022, Jainlett, represented by trial counsel, entered an open guilty plea with no negotiated sentence in exchange for the Commonwealth withdrawing nine of the fourteen counts. At

---

[*] Retired Senior Judge assigned to the Superior Court.

the hearing, the Commonwealth asserted the following facts in support of the guilty plea.

> Back on 11/16/2021, [during] an argument with [Jainlett's] prior wife, Lawreeshia Neal, and her two sons, [Jainlett] shot her one son, Dorian Silva, in the leg causing injuries requiring hospitalization.
>
> After shooting Dorian, [Jainlett] and Lawreeshia Neal ran up the stairs. [Jainlett] was brandishing the gun. He went and grabbed another gun. Lawreeshia Neal turned to run down the steps and out of the house.
>
> When she was running out of the house to get her and her son to safety, she shattered her heel, requiring hospitalization.
>
> Two minors, [P.C], who was 10 years old at the time, and [J.J.], who was 5 years old at the time, were home during the shooting. Peighton was downstairs in close proximity to her brother when he was shot. After seeing her brother shot, Peighton ran to the corner store.
>
> Two guns were recovered from [Jainlett's] vehicle. One was jammed. [Jainlett] is ineligible to possess a firearm because of a prior felony conviction. This all occurred in the City and County of Philadelphia.

N.T., 11/14/22, at 16-17. Jainlett signed a guilty plea colloquy form with the assistance of his trial counsel, and the trial court performed a guilty plea colloquy. At the conclusion of the hearing, Jainlett pleaded guilty to person not to possess a firearm, two counts of aggravated assault, and two counts of EWOC.

On December 1, 2022, Jainlett was sentenced to an aggregate term of three and a half to seven years' incarceration followed by four years of

probation.[1] On December 9, 2022, he timely filed a "motion for reconsideration of sentence" that asserted that his initial sentence did not reflect that his actions were unintentional and a lesser sentence would adequately serve the community's safety and account for mitigating factors. *See* Motion. 12/9/22, at ¶¶ 5-8. On April 12, 2023, the trial court denied the motion after argument. Jainlett did not file a direct appeal.

On December 13, 2023, Jainlett filed a *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and an accompanying memorandum of law and facts on January 5, 2024. On February 15, 2024, Attorney Thomas F. Coleman, Esq. filed an amended PCRA petition on Jainlett's behalf seeking reinstatement of Jainlett's post-sentence motion and appellate rights *nunc pro tunc*. The amended petition asserted that Jainlett's appellate rights should be reinstated because Jainlett asked his prior counsel to file a direct appeal. *See* Petition, 2/15/24, at ¶¶ 13-14. Jainlett did not offer any grounds for which his post-sentence motion rights

---

[1] Jainlett, the Commonwealth, and the trial court all indicate that Jainlett received three years of probation. However, the sentencing order indicates that for count 5, aggravated assault, Jainlett was sentenced to four years of probation. *See* Sentencing Order, 12/1/22; N.T., 12/1/22, at 49. Therefore, because four years is the longest period of probation imposed for the concurrent sentences, his aggregate sentence is three and a half to seven years' incarceration followed by four years of probation.

should be reinstated.[2] On June 14, 2024, the Commonwealth filed a response to Jainlett's amended counseled PCRA petition and did not oppose restoration of Jainlett's appellate rights. However, the Commonwealth opposed restoration of post-sentence motion rights because "his post-sentence motion was already denied[,]" and "[a] claim that counsel may have been ineffective for not preserving certain issues in the post-sentence motion can be raised in a PCRA petition following the conclusion of direct appeal." Commonwealth's Letter, 6/14/24, at 2 n.1. On October 31, 2024, the trial court granted Jainlett's amended PCRA petition and reinstated both his post-sentence motion and appellate rights. *See* Order, 10/31/24.

On November 12, 2024, Attorney Marisa Anne Piccarreto, Esq. filed a post-sentence motion on Jainlett's behalf asserting that Jainlett wished to withdraw his guilty plea because he did not enter it knowingly, intelligently, and voluntarily, that his trial counsel was ineffective, and that his sentence was excessive. The motion was denied by operation of law. *See* Order, 3/11/25.

Jainlett timely appealed. Both Jainlett and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Pa.R.A.P. 1925(a)-(b).

Jainlett raises the following issues for our review.

---

[2] While represented by counsel, Jainlett purported to file a *pro se* petition seeking reinstatement of his post-sentence motion rights *nunc pro tunc*. That filing was a legal nullity. *See Commonwealth v. Reid*, 117 A.3d 777, 781 n.8 (Pa. Super. 2015).

1. Did the lower court err . . . by denying [Jainlett's] request to withdraw his guilty [plea] where the plea was not knowing, intelligent, or voluntary where the record is ambiguous because the signed guilty plea colloquy form did not match the negotiations in the guilty plea hearing on November 14, 2022, and where the charges pled were amended to add a charge of [EWOC] during the guilty plea hearing without additional time to consult with counsel to be fully informed as to the nature of the guilty plea?

2. Did the Trial Court err[] by denying [Jainlett's] request to withdraw his guilty plea or grant an evidentiary hearing where the plea was not knowing intelligent and voluntary because trial counsel was plainly [in]effective where [Jainlett] avers that trial counsel told him that the sentence would be lower than what was given, where the guilty plea colloquy form was ambiguous to what the negotiations were and where the full discovery was never provided to [Jainlett]?

3. Did the Trial Court err when it imposed a sentence of three-and-a-half to seven years aggregate incarceration because the sentence was excessive, more than necessary to protect the public, punish the defendant, and rehabilitate the defendant where [Jainlett] provided significant mitigation including sparing his children from testifying at trial, ran a business and provided for his family, where there is a significant gap in his criminal history as a productive member of society, and where the Court considered improper allegations and arrests in both the sentencing hearing and Commonwealth Memorandum that did not result in convictions?

Appellant's Brief, at 7-8.

At the outset we must address the reinstatement of Jainlett's post-sentence motion rights *nunc pro tunc* after he had already filed a post-sentence motion that had been denied.[3]

_____

[3] Although the Commonwealth challenged the restoration of Jainlett's post-sentence motion rights *nunc pro tunc* in the trial court, it does not raise the issue in its appellate brief.

We have held that when an appellant has direct appellate review of some, but not all of his issues, he is "not entitled to the reinstatement of his direct appeal rights *nunc pro tunc*." ***Commonwealth v. Pulanco***, 954 A.2d 639, 642 (Pa. Super. 2008); ***see also Commonwealth v. Grosella***, 902 A.2d 1290, 1293-94 (Pa. Super. 2006) (distinguishing between cases where counsel's failure completely foreclosed appellate review with those where counsel merely narrowed the issues raised on appeal). Those claims that were not initially raised on direct appeal must await PCRA review. ***See Pulanco***, 954 A.2d at 642-43. The same principle applies to reinstatement of post-sentence motion rights *nunc pro tunc* when counsel previously filed a post-sentence motion that was denied. ***See Commonwealth v. Davis***, 2024 WL 2738698, at *5-6 (Pa. Super. filed May 28, 2024) (unpublished memorandum)[4] (reversing order reinstating the appellant's post-sentence motion and appeal rights *nunc pro tunc* where the appellant was already previously denied relief from a timely filed post-sentence motion and on direct appeal). When a trial court erroneously considers claims raised in a post-sentence motion that the appellant was not entitled to file, those claims will be ignored on direct review. ***See Commonwealth v. Wright***, 846 A.2d 730, 733-34 (Pa. Super. 2004); ***see also Commonwealth v. Fransen***, 986 A.2d 154, 158 (Pa. Super. 2009).

_____

[4] ***See*** Pa.R.A.P. 126(b) (stating that we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

Here, in his initial post-sentence motion, Jainlett only preserved his challenge to the discretionary aspects of his sentence. Therefore, he is not entitled to review of his other claims. Nevertheless, even if Jainlett preserved direct review of his other issues, he would not be entitled to relief.[5]

In his first issue, Jainlett asserts that the trial court abused its discretion by not permitting Jainlett to withdraw his guilty plea after sentencing. He asserts that his guilty plea was not voluntary, knowing, and intelligent because (1) during the guilty plea hearing, the Commonwealth added an additional EWOC charge; (2) the Commonwealth mentioned a Protection from Abuse violation and a charge for which he was not convicted; and (3) the guilty plea colloquy form contained ambiguities as to whether Jainlett understood the plea negotiations, and in support thereof alleges that the guilty plea written form only stated "will proceed to sentencing" under the section of the form to indicate any agreement between the parties. **See** Appellant's Brief, at 25. The Commonwealth argues that based on the written plea colloquy form and the

_____

[5] Because Jainlett was not entitled to reinstatement of his post-sentence motion rights *nunc pro tunc*, his 30-day appeal period began on October 31, 2024, when the trial court reinstated his appellate rights. However, because the trial court purported to reinstate his post-sentence motion rights and Jainlett timely appealed after the trial court issued an order purporting to deny his second post-sentence motion by operation of law, we decline to find that his appeal is untimely. **See Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019) ("We have many times declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court").

- 7 -

oral colloquy Jainlett's plea was knowing, voluntary, and intelligent. **See** Appellee's Brief, at 9-10. We agree with the Commonwealth.

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." **Commonwealth v. Dinell**, 270 A.3d 530, 533 (Pa. Super. 2022) (citation omitted). "[I]n order to withdraw a plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a 'manifest injustice.'" **Commonwealth v. Alameda**, 339 A.3d 504, 510 (Pa. Super. 2025), *appeal denied*, 353 A.3d 546 (Pa. 2026) (citation omitted). "Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." **Commonwealth v. Hart**, 174 A.3d 660 (Pa. Super. 2017) (citation omitted). "A defendant's disappointment in the sentence imposed does not constitute 'manifest injustice.'" **Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa. Super. 2003) (citation omitted).

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." **Commonwealth v. Reid**, 117 A.3d 777, 783 (Pa. Super. 2015) (citation omitted). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his colloquy." **Alameda**, 339 A.3d at 510 (citation omitted). "In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to

consider the totality of the circumstances surrounding the plea." ***Commonwealth v. Felix***, 303 A.3d 816, 820 (Pa. Super. 2023) (citation omitted).

A valid plea colloquy informs the defendant of "1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa. Super. 2018) (citation omitted); ***see also*** Pa.R.Crim.P. 590, comment. "These matters may also be shown by a written plea colloquy read and signed by the defendant that is made part of the record and supplemented by an oral, on-the-record examination." ***Commonwealth v. Jamison***, 284 A.3d 501, 506 (Pa. Super. 2022) (citations omitted).

Our review of the record indicates that Jainlett knowingly, voluntarily, and intelligently pled guilty. Jainlett signed a guilty plea colloquy form with the assistance of counsel. ***See*** N.T., 11/14/22, at 14-15. During the hearing, the plea colloquy form was amended to indicate that Jainlett was pleading guilty to two counts, not one, of EWOC and he initialed the form with counsel present; the trial court explained the recalculated potential sentencing consequences on the record. ***See id.*** at 8-9. Further, the trial court fully informed Jainlett with a thorough plea colloquy. ***See id.*** at 6-21. Among other things, the trial court informed Jainlett of the nature of the charges, asked Jainlett if he understood the factual basis of the plea recited by the

Commonwealth, and explained to him his right to a jury trial and that he was presumed innocent. **See id.** at 7-12, 16-21. The trial court informed Jainlett of the maximum aggregate sentence, the plea colloquy form listed the maximum sentence for each offense, and the trial court told Jainlett that sentencing was within the court's sole discretion. **See id.** at 7-10, 13. Therefore, we discern no abuse of discretion in the trial court denying Jainlett's post-sentence request to withdraw his guilty plea.

In his second issue, Jainlett asserts that his trial counsel was ineffective by advising Jainlett that he would receive a lesser sentence than what was imposed and for waiving the preparation of a presentence investigation and mental health report. **See** Appellant's Brief, at 27-29. The Commonwealth argues that Jainlett's claim is not reviewable on direct appeal and must await PCRA review. **See** Appellee's Brief, at 10-11. We agree with the Commonwealth.

Generally, "claims of ineffective assistance of counsel are to be deferred to PCRA review, [] such claims should not be reviewed upon direct appeal." **Commonwealth v. Bradley**, 326 A.3d 982, 987-88 (Pa. Super. 2024) (citation omitted). Our Supreme Court has recognized three exceptions to this general rule: (1) the claim of ineffectiveness "is apparent from the record and meritorious to the extent that immediate consideration of the claim best serves the interests of justice," (2) "there is good cause shown and the defendant has expressly and knowingly waived his right to seek PCRA review[,]" and (3)

- 10 -

"the defendant is statutorily precluded from obtaining subsequent PCRA review." *Id.* at 988 (brackets and citations omitted).

Here, none of the exceptions apply. Any claim of ineffective assistance of counsel is not apparent from the record because the trial court did not hold a hearing to develop a record on the issue. *See Alameda*, 339 A.3d at 511 (declining direct review of a claim of plea counsel's ineffectiveness because there was no hearing on the issue). Jainlett has not demonstrated good cause or that he has waived his right to seek PCRA review. Lastly, because he is serving a term of incarceration, followed by a period of probation, he is not statutorily precluded from PCRA review. *See* 42 Pa.C.S.A. § 9543(a)(1). Therefore, Jainlett's claim must await PCRA review, and he is due no relief at this time. *See Alameda*, 339 A.3d at 511.

In his third issue, Jainlett challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Warren*, 350 A.3d 1018, 1030 (Pa. Super. 2025) (citation omitted). To invoke this Court's jurisdiction, we must determine:

> (1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code.

***Commonwealth v. Harris***, 352 A.3d 460, 464 (Pa. Super. 2026) (citations omitted).

Here, Jainlett timely appealed, preserved his issue in his post-sentence motion, and included a statement of reasons for allowance of appeal from the discretionary aspects of sentencing in his brief. Further, the issue he raises—that the sentencing court imposed an excessive sentence based on its consideration of impermissible factors and failure to consider mitigating factors—constitutes a substantial question. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.").

Our standard of review for a challenge to the discretionary aspects of sentencing is well-established.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Agugliaro***, 342 A.3d 105, 116 (Pa. Super. 2025) (citation omitted).

Jainlett argues that the trial court considered impermissible factors, such as facts that he did not plead to and prior arrests that did not result in conviction. ***See*** Appellant's Brief, at 34-35. Further, Jainlett asserts that the

trial court failed to consider the mitigating factors of sparing his children from testifying at trial, being a business owner, and the significant gap between his prior criminal convictions. *See id.* The Commonwealth argues that Jainlett is merely challenging how the trial court weighed mitigating factors because the trial court considered the "mitigation sentencing memo" that Jainlett submitted. *See* Appellee's Brief, at 12-13. Further, the Commonwealth asserts that Jainlett's claim that the trial court considered prior arrests that did not result in a conviction is belied by the record because the trial court explicitly rejected the Commonwealth's request to present that evidence at the sentencing hearing. *See id.* at 13-14. Again, we agree with the Commonwealth.

At the conclusion of the sentencing hearing, the trial court gave the following explanation for the sentence imposed.

> In fashioning a sentence today, the Court has taken into account Mr. Jainle[t]t's prior record score, offense gravity score and range, his acceptance of responsibility in the form of an open guilty plea. Additionally, I have taken into account what's marked as D-1 and D-2, which are the mitigation sentencing memo as well as letters of support for Mr. Jainlett, the Commonwealth's sentencing memo and the enclosures therein, as well as the victim impact statements heard today.
>
> Sir, obviously a lot of things that led up to the day in question. That was apparent when the case was conferenced before me on November 14th, as it was scheduled for a jury trial in our jury trial program. Both counsel were frank about the issues on both defense side as well as the Commonwealth's side and reached a negotiation when it came to the charges that were being on open plea, waiver of PSI and mental health [evaluation].

I'm aware, Mr. Jainlett, of your allocution here today, and I'm taking into consideration the fact that you didn't want the children to have to testify during the course of this trial. I'm taking that into account. I'm also taking into account the recommendations made by both counsel and the victim impact statements here. This was an incredibly, by all characterizations of this night, even in the relative cold recitation of the facts, an extremely chaotic night in that home, an extremely dangerous night in that home. We have a case involving children witnessing violence within their family and in the place which they are supposed to feel the safest amongst those they are supposed to feel the safest with.

This Court, however, is not going to turn blinders to the fact that this seems to be an incident that was brewing for some time. It's difficult sometimes to create sentences on snapshots and moments in people's lives in terms of victims as well as [Jainlett]. Based on the documents I've heard here, there are significant mitigating factors as well as factors that would tend to aggravate.

N.T., 12/1/22, at 46-48.

Our review indicates that the trial court weighed the mitigating factors and aggravating factors based on the facts of the case. It considered the mitigating factors set forth in Jainlett's sentencing memorandum. Additionally, the trial court expressly stated that it would not consider any facts outside of what Jainlett pled to and limited the victims' statements to only those events. *See id.* at 10-13, 28-29, 35-36, 39. The trial court did not consider any impermissible factors. Jainlett's prior record score was 5 and the offense gravity score for the lead charge, person not to possess a firearm, was 11 which equates to a range of 72 to 90 months incarceration plus or minus 12 months. *See* N.T., 12/1/22, at 3; 204 Pa. Code § 303.16(a). In weighing these factors, the trial court imposed a sentence below the standard range. Therefore, we discern no abuse of discretion.

- 14 -

For the foregoing reasons, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/30/2026